UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, TROOPER JORDAN ANDERSON, #HP94; OFFICER KEVIN KROHN, CODY JANSEN, #HP; DANIEL HAGGER[1], MARK HODGES, UNITED STATES DISTRICT COURT SOUTHERN DEVISION, MINNEHAHA COUNTY CIVIL CLERKS OFFICE, MATT THELEN,<br><br>Defendants. | 4:24-CV-04067-ECS<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY, GRANTING DEFENDANT HODGES'S MOTION TO QUASH, AND RULE 4(m) NOTICE |

Plaintiff Courtney Richmond commenced a pro se civil rights lawsuit. Doc. 1. Richmond filed a motion for leave to proceed in forma pauperis, Doc. 2, but he subsequently paid the full filing fee. Richmond moves for appointment of counsel. Doc. 6. Richmond alleges that South Dakota Highway Patrol officers and Drug Enforcement Administration agents unlawfully detained him, arrested him without probable cause, and searched his home without a warrant. Doc. 1 at 2; Doc. 5 at 1–2. In addition to attorney's fees, Richmond requests that allegedly unlawfully obtained evidence be suppressed in his pending criminal case. United States v. Richmond, 4:24-CR-40005-KES (D.S.D). Doc. 5 at 2. He also seeks dismissal of the indictment in his criminal case. Doc. 1 at 3. Richmond moves for an order compelling discovery. Doc. 21; see also Doc. 25. Richmond

---

[1] The correct spelling of this defendant's last name is Haggar. In this Opinion and Order, this Court will refer to this defendant using the correct spelling of his last name.

has also served a subpoena requesting that one of the defendants, Assistant U.S. Attorney Mark Hodges, provide to him discovery materials related to his pending criminal case. Doc. 43. Defendant Hodges moves to quash the subpoena. Doc. 45.

## I. Motion for Leave to Proceed In Forma Pauperis

Along with his complaint, Doc. 1, Richmond filed a motion for leave to proceed in forma pauperis, Doc. 2. Subsequently, Richmond paid the full filing fee. Thus, Richmond's motion for leave to proceed in forma pauperis, Doc. 2, is denied as moot.

## II. Motion for Appointment of Counsel

Richmond moves for appointment of counsel. Doc. 6. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). The Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Richmond paid the full filing fee and is not proceeding in forma pauperis. Because Richmond is not proceeding in forma pauperis, this Court does not have discretion pursuant to 28 U.S.C. § 1915(e)(1) to request that an attorney represent him. Richmond's motion for appointment of counsel (Doc. 6) is denied.

## III. Motion to Compel Discovery

Richmond asserts that he "has been restricted from having his own discovery on the criminal case." Doc. 21 at 1. Thus, he moves for an order compelling disclosure or discovery. Id. Specifically, he requests statements, police reports, and video footage. Id. Defendants Hodges, the United States District Court Southern Division, Thelen, and the United States of America oppose Richmond's motion. Doc. 27. Defendants contend that "Richmond now seeks to use the rules of civil discovery in this case to access discovery materials in violation of the Court's order in the related criminal proceeding." Id. at 2. In Richmond's criminal case, Magistrate Judge Duffy

2

ordered, pursuant to a Stipulation for Entry of Standing Discovery Order executed by Richmond's defense counsel, that discovery "materials shall not be given to the Defendant . . . without the permission of the Court. Defense counsel may allow the Defendant to read the discovery materials, but only in the presence of defense counsel, the defense investigator, or a defense expert." 4:24-CR-40005-KES, Docs. 8, 9, 23, 24, 30, 31. Recently, Richmond filed in his criminal case a pro se subpoena and motion to compel demanding discovery from the criminal case under Federal Rule of Civil Procedure 26(a). Id., Doc. 60. The Government opposed Richmond's motion. Id., Doc. 61. The Honorable Karen E. Schreier denied the motion because "a district court has no obligation to entertain pro se motions filed by a represented party." Id., Doc. 62 (quoting United States v. Pate, 754 F.3d 550, 554 (8th Cir. 2014)).

Any discovery at this stage of this civil proceeding is premature. Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

This case is not exempt from initial disclosure under either Rule 26(a)(1)(B) or D.S.D. Civ. LR 16.1. There is no rule, stipulation among the parties, or court order exempting this case. But this Court has not ordered a Rule 26(f) discovery conference because four defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), see Docs. 19, 28, 32, and four of the defendants have not yet appeared. Until all the defendants appear and the pending motions to dismiss are resolved, discovery is premature.

Even if all discovery were not premature, Richmond's specific requests at this time are not proper. This Court agrees that Richmond is attempting to use the rules of civil discovery to access discovery materials in violation of a court order in a related pending

3

criminal proceeding. Indeed, Richmond's motion to compel discovery states that this is what he is attempting to do. See Doc. 21 at 1, 2. The scope of permissible discovery in a criminal case is narrower than the scope of discovery in a civil case. Compare Fed. R. Crim. 16(a)(2) with Fed. R. Civ.26(b)(1). "A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962). Thus, Richmond's motion to compel discovery (Doc. 21) and his motion to reconsider motion to compel discovery (Doc. 35) are denied.[2]

Richmond asserts that he moves to compel discovery to "prevent spoliation of evidence . . . relevant to . . . [his] dispute. Essentially this requirement is to preserve the evidence likely to be relevant to pending or future litigation." Doc. 21 at 2. The denial of Richmond's motion to compel discovery does not mean that this Court has disregarded Richmond's spoliation concerns. A party has an obligation to preserve evidence when the party knows that the evidence is relevant to future or current litigation. Blazer v. Gall, 1:16-CV-01046-KES, 2019 WL 3494785, at *3 (D.S.D. Aug. 1, 2019). "Generally, a defendant's duty to preserve evidence is triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is be preserved as relevant to future litigation." Swindle v. Christy, 2021 WL 5297047, at *9 (W.D. Mo. Mar. 4, 2021) (citation omitted). Regardless of whether this

---

[2] Defendants also request that the Court enter an order staying discovery in this civil case pending resolution of the criminal case. Doc. 27 at 3. As this Court has explained, any discovery in the civil case is premature. Thus, there is no need to order a stay at this stage. When the Court orders the parties to conduct a Rule 26(f) discovery planning meeting, defendants may renew their request for a stay of discovery.

Court permits discovery at this stage, defendants have an obligation to preserve any evidence that is relevant to the current litigation. Further, if defendants breach their duty to preserve evidence[3], the court has authority to impose spoliation sanctions. Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 745 (8th Cir. 2004) (recognizing that a district court's inherent power includes the ability to order an appropriate sanction for spoliation of evidence); Fed. R. Civ. 37(e) (outlining sanctions that may be ordered for failing to preserve electronically stored information).

Richmond also states that his right to due process means that "the defendants don't [sic] get to surprise [him] at trial, because [he] has a right to see the evidence just as well as the defendants." Doc. 35 at 1. Although this Court has denied Richmond's motion for discovery at this time, the Court has not ruled that Richmond will not be permitted to conduct discovery in this civil action. After the Court rules on the pending motions to dismiss, to the extent any claims remain, the Court will direct all remaining parties to conduct a Rule 26(f) meeting to discuss a discovery plan as well as other issues. This Court will then enter a Rule 16 Scheduling Order that provides for discovery, as permitted by the Federal Rules of Civil Procedure.

## IV. Motion to Quash

Richmond has served a subpoena commanding Assistant U.S. Mark Hodges to produce "the discovery of criminal case # CR 24-40005 Discovery and all videos." Doc. 43. Because the subpoena seeks production of discovery materials in violation of Judge Duffy's order that

---

[3] Richmond "suspects that defendant's [sic] will alter the evidence or change the evidence deliberately to make it go in theire [sic] favor. Distorying [sic] evidence relevant to the case." Doc. 21 at 3. There is no record evidence to support this bare allegation, and this Court has no reason to believe that defendants will spoliate or destroy relevant evidence or that the Court cannot fashion an appropriate sanction in the unlikely event this occurs.

5

discovery material shall not be given to Richmond without permission of the Court, Richmond, 24-CR-40005-KES, Docs. 9, 24, 31, Hodges moves to quash the subpoena. Doc. 44. Initially, this Court notes that the subpoena is procedurally improper. Hodges is a defendant in this civil action. It is improper under Rule 45 to subpoena documents and tangible items from a party. Although the Federal Rules of Civil Procedure permits a party to request production of documents and tangible items from an opposing party, as this Court has previously explained, any discovery at this stage is premature. It is also not appropriate for Richmond to attempt to use civil discovery to access materials in a pending criminal case that the Court has directed may not be provided to him. Hodges's motion to quash (Doc. 44) is granted for the same reasons that Richmond's motions to compel discovery are denied.

## V.    Rule 4(m) Notice

On April 11, 2024, the day after the complaint was filed, the Clerk of Court provided to Richmond a summons for each of the nine defendants. Doc. 8. It appears that four of the defendants have yet to be properly served, as they have not appeared, and no proof of service has been filed. Under Federal Rule of Civil Procedure 4(m), Richmond has 90 days to serve the summons and complaint on each defendant. Rule 4(m) states in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against defendant or order that service be made within a specified time." This Court intends to dismiss Richmond's claims against the State of South Dakota, Trooper Jordan Anderson, Cody Jansen, and Daniel Haggar without prejudice if Richmond does not properly serve each of these defendants by **August 12, 2024,** unless Richmond can demonstrate good cause for his failure to do so.

Accordingly, IT IS ORDERED

1. That Richmond's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

2. That Richmond's motion for appointment of counsel (Doc. 6) is denied.

3. That Richmond's motion to compel discovery (Doc. 21) and motion to reconsider motion to compel discovery (Doc. 35) are denied.

4. That Hodges's motion to quash subpoena (Doc. 44) is granted.

5. That Richmond shall serve the State of South Dakota, Trooper Jordan Anderson, Cody Jansen, and Daniel Haggar by **August 12, 2024**, and file proof of service with the Clerk of Court by **August 26, 2024**. Failure to do so will result in the dismissal without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, of Richmond's claims against any defendant who is not timely and properly served.

DATED this 10th day of July, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE